UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JUNIOR LOURENCO DOS-SANTOS (A-214-283-594),

Petitioner,

v.

WARDEN, CALIFORNIA CITY ICE DETENTION FACILITY,

Respondent.

No. 1:26-cv-07017 DC CSK

ORDER AND FINDINGS AND RECOMMENDATIONS

Petitioner Junior Lourenco Dos-Santos (A-214-283-594), a native and citizen of Brazil who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner challenges his February 2026 detention by U.S. Immigration and Customs Enforcement ("ICE"). On September 25, 2026, the district court denied petitioner's motion for a temporary restraining order and referred this matter to the undersigned for further proceedings. For the reasons that follow, the Court recommends that the petition be denied.

///

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17). Petitioner filed a verified habeas petition. (ECF No. 1 at 32-33.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

## I. BACKGROUND

The factual and procedural background previously presented in the district judge's orders are incorporated herein. (See ECF Nos. 7, 11.)

On or about March 31, 2017, petitioner entered the United States with conditional permanent residence status through his spouse. (ECF No. 9 at 2.) Petitioner was permitted to remain until March 31, 2019 or when he adjusted his status to permanent resident, but petitioner did not adjust his status by the deadline. (Id.) Petitioner's late application was rejected and his conditional status was terminated. (Id.)

Petitioner sustained multiple criminal convictions in the United States. Respondent focuses on the following criminal convictions: (1) March 2025 for possession of a controlled substance (marijuana/spice); (2) September 2025 for larceny (theft between $1,500 and $4,999); and (3) September 2025 possession of a controlled substance (fentanyl). (ECF No. 9 at 2, 3; ECF No. 9-2 at 6, 8-9, 10; see also ECF No. 10 at 1 (petitioner describing fentanyl use).)

On February 9, 2026, petitioner was detained by ICE pursuant to a warrant. (ECF No. 9 at 2; ECF No. 9-3.) Petitioner received an initial custody determination and requested review of the custody determination by an immigration judge. (ECF No. 9-4.) On August 14, 2026, petitioner received a bond hearing before an immigration judge, who denied bond in a written order two days later, finding petitioner was subject to mandatory detention and alternatively, that petitioner should be detained even if not under mandatory detention as a danger and a flight risk. (ECF No. 9-5.) Petitioner has been in continuous detention.

On September 2, 2026, petitioner filed his habeas petition, motion for a temporary restraining order, and motion to appoint counsel. (ECF Nos. 1, 2, 3.) On September 3, 2026, the district court ordered respondents to file a response to petitioner's motion for a temporary restraining order and in their response: " (1) indicate whether Petitioner has previously been released from immigration custody, (2) substantively address whether there are any factual or legal issues in this case that materially distinguish it from *Rodriguez Vazquez* and this court's applicable orders cited above, and (3) attach (i) a transcript or audio recording of Petitioner's August 2026 bond hearing, (ii) a copy of the Immigration Judge's order, and (iii) evidence of the

advance notice Petitioner was provided about the time and date of the hearing." (ECF No. 7.) On September 6, 2026, respondents filed a response to the motion for a temporary restraining order and response to the petition, and the audio recording of the bond hearing. (ECF Nos. 8, 9.) Respondents assert that petitioner is subject to mandatory detention pursuant to 8 U.S.C. §§ 1226(c)(1)(B) and 1226(c)(1)(E) based on petitioner's criminal convictions. (See ECF No. 9.) On September 22, 2026, petitioner filed a response/reply. (ECF No. 10.)

On September 25, 2026, the district court denied petitioner's motion for a temporary restraining order. (ECF No. 11.) The district court found as follows:

> To the extent Petitioner believes his conviction does not subject him to mandatory detention [under § 1226(c)], he must raise that issue in a Joseph hearing before an Immigration Judge before seeking habeas relief. Ronil R.C. v. Warden, Golden State Annex Detention Center, No. 1:26-cv-03612-MWJS, 2026 WL 1505926, at *1 n.2 (citing Demore v. Kim, 538 U.S. 510, 514 (2003)). Further, this court does not have jurisdiction to reconsider the Immigration Judge's determination regarding Petitioner's removability. See 8 U.S.C. § 1252(g).

(ECF No. 11.) Accordingly, the district court held that "Petitioner has not demonstrated a likelihood of success on the merits of his claim that his current detention violates his constitutional or statutory rights." (Id.) The district court referred this matter to the assigned magistrate judge for further proceedings. (Id.) Where the parties submitted briefing on the petition's merits, briefing is complete. (See ECF Nos. 9, 10.)

## II. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its

protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes the petition challenging his re-detention based on a violation of the Fifth Amendment due process clause a violation of the Immigration and Nationality Act ("INA") where petitioner appears to challenge his detention pursuant to § 1226(c).[2] (See ECF No. 1.)

Where the record before the district court has not changed since the district court's ruling on the motion for a temporary restraining order, the Court does not find a basis to depart from the district court's prior findings. The Court agrees with the district court's findings and recommends that the petition for writ of habeas corpus be denied based on a finding that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) based on petitioner's criminal convictions for controlled substances violations, which makes petitioner removable pursuant to 8 U.S.C. § 1227(a)(2)(B)(i).[3]

In addition, the Court finds that petitioner has failed to exhaust administrative remedies regarding his challenge to his detention pursuant to § 1226(c). In the response, respondents also argue that if petitioner claims he is not subject to mandatory detention under 8 U.S.C. § 1226(c), petitioner can challenge his mandatory detention under Matter of Joseph, 22 I. & N. Dec. 799 (BIA 1999), in a "Joseph Hearing." (ECF No. 9 at 3.) Respondents argue that at a Joseph Hearing, petitioner can demonstrate that he is not convicted of a predicate crime, or that the government is otherwise substantially unlikely to establish that he is not in fact subject to mandatory detention.[4] (Id.) Respondents argue that this Court should find that petitioner failed

---

[2] Petitioner's pro se pleading uses a form pleading that appears to raise claims that are not applicable to petitioner's situation. (See ECF No. 1.)

[3] Because the Court concludes that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B), the Court need not reach whether petitioner is also detained pursuant to 8 U.S.C. § 1226(c)(1)(E) (the Laken Riley Act).

[4] The Supreme Court has explained that: "This 'Joseph hearing' is immediately provided to a detainee who claims that he is not covered by § 1226(c). At the hearing, the detainee may avoid

to exhaust his administrative remedies by failing to seek a Joseph Hearing in immigration court. (Id.) Though petitioner responds to other issues (e.g., adjustment of status), he does not respond to the exhaustion argument or provide any reason exhaustion should be waived. (See ECF No. 10.)

28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." Laing v. Ashcroft, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because exhaustion is not required by statute, it is not jurisdictional. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds by Reno v. Koray, 515 U.S. 50, 54-55 (1995) (citing Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209, 1223 (9th Cir. 1987)). If a petitioner has not properly exhausted his claims, the district court, in its discretion, may "determine whether to excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." Id. "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (internal citation and quotation marks omitted). However, the court may waive the exhaustion requirement when administrative remedies are inadequate, irreparable injury may occur without immediate judicial relief, or exhaustion otherwise would be futile. Laing, 370 F.3d at 1000-01 ("[D]istrict court's habeas jurisdiction under 28 U.S.C. § 2241 is ordinarily reserved for instances in which no other judicial remedy is available.").

Under the circumstances of this case, this Court finds that petitioner should not be excused

---

mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." Demore v. Kim, 538 U.S. 510, 514 n.3 (2003).

from exhausting administrative remedies. See Buckley v. Chestnut, 2026 WL 1030931, at *2-4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending). At a Joseph hearing, petitioner "may avoid mandatory detention by demonstrating that he is not an alien, was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." See Demore v. Kim, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision. Relaxing the exhaustion requirement under these circumstances would encourage others to bypass the administrative exhaustion process. Finally, in this case administrative review is likely to allow the agency to correct its own mistakes and thus avoid the need for judicial review.

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). Petitioner has provided no argument as to why exhaustion should be excused under the circumstances of his case. (See ECF No. 10.) Therefore, this Court finds that petitioner's statutory claim challenging his mandatory detention should be dismissed without prejudice based on petitioner's failure to exhaust administrative remedies.

**IV. MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 4.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice

///

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 4) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be dismissed.
2. The Clerk of Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven days** after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

csk/doss.7017.26.frs